UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————x
JENNIFER PAUYO,                              :
                                             :
                    Plaintiff,               :        **ORDER**
                                             :
        -against-                            :
                                             :
CITIBANK, N.A., EXPERIAN                     :        25-CV-1041 (OEM) (CHK)
INFORMATION SOLUTIONS, INC., AND             :
TRANSUNION LLC,                              :
                                             :
                    Defendants.              :
———————————————————————x

**CLAY H. KAMINSKY, United States Magistrate Judge:**

Plaintiff Jennifer Pauyo, who is proceeding *pro se*, brings this action against defendants Citibank, N.A., Experian Information Solutions, Inc., and TransUnion LLC, alleging violations of the Fair Credit Reporting Act ("FCRA") and New York Business Law. Before the Court is Defendant Citibank's motion to compel arbitration. For the reasons stated below, that motion is granted.[1]

## I.    Background

In September 2021, Plaintiff applied for—and was granted—a credit card account with Citibank. Mot. to Compel Arb. ("Mot. to Compel"), ECF No. 60-1, at 3; Declaration of Kelly Booth ("Booth Decl."), ECF No. 60-2 ¶¶ 3–4. Upon opening the account, Citibank mailed Plaintiff a copy of the agreement governing the account, which included an agreement to arbitrate "any claim, dispute, or controversy" arising

---

[1] Motions to compel arbitration are non-dispositive and therefore within a magistrate judge's purview to hear and determine pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). *See Chung v. Royal Care, Inc.*, 23-CV- 7962, 2025 WL 809900, at *2 (E.D.N.Y. Mar. 14, 2025) (collecting cases).

1

from the account. Mot. to Compel at 3; Account Agreement, ECF No. 60-4 at 12.[2] The agreement gave Plaintiff the opportunity to opt out of the arbitration clause, but Plaintiff did not do so. Account Agreement at 12; Booth Decl. ¶ 9. Plaintiff proceeded to make purchases with the card, subjecting her to the terms of the agreement. Booth Decl. ¶ 10; *see* Transaction History, ECF No. 60-5.

Plaintiff filed this lawsuit in February 2025, later adding TransUnion and Experian Information Solutions as defendants. *See* ECF Nos. 13, 28. Plaintiff argues that Citibank violated FCRA by reporting her Citibank account as charged-off and past-due after she filed a dispute with Citibank and it stated that it could not locate her account with the information provided. *See generally* ECF No. 39.

After being served with the summons and complaint in May 2025, Citibank requested, and was granted, three extensions of time to respond to the complaint and filed its answer on October 9, 2025. *See* ECF No. 48. Citibank then moved to compel arbitration on February 2, 2026. *See* ECF No. 60.

## II.     Legal Standards

Section 2 of the Federal Arbitration Act ("FAA") provides that an arbitration clause "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *All. Bernstein Inv. Rsch. & Mgmt., Inc. v. Schaffran*, 445 F.3d 121, 125 (2d Cir. 2006). When considering whether to compel arbitration, courts assess: "(1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement encompasses the claims

---

[2] Citations to this document use the page numbers automatically assigned by ECF.

at issue." *Holick v. Cellular Sales of N.Y., LLC*, 802 F.3d 391, 394 (2d Cir. 2015). "Only if the court concludes an agreement to arbitrate exists does it determine . . . the scope of the agreement to arbitrate." *Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 101 (2d Cir. 2022).

Courts deciding a motion to compel arbitration "apply a standard similar to that applicable for a motion for summary judgment." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (internal quotation marks omitted). This means that the Court must "consider all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits," and "draw all reasonable inferences in favor of the non-moving party." *Id.* (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 155 (2d Cir. 2002)).

A party moving to compel arbitration "bears an initial burden of demonstrating that an agreement to arbitrate was made." *Barrows v. Brinker Rest. Corp.*, 36 F.4th 45, 50 (2d Cir. 2022) (citation omitted). The moving party need not "show initially that the agreement would be enforceable, merely that one existed." *Hines v. Overstock.com, Inc.*, 380 F. App'x 22, 24 (2d Cir. 2010) (emphasis omitted). Thereafter, the party seeking to avoid arbitration bears the burden of demonstrating that the agreement is inapplicable or invalid. *Harrington v. Atl. Sounding Co.*, 602 F.3d 113, 124 (2d Cir. 2010) (citing *Green Tree Fin. Corp.-Ala v. Randolph*, 531 U.S. 79, 91–92 (2000)).

However, the right to arbitration may be waived if the party seeking to enforce the agreement acts in a manner inconsistent with that right. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 415 (2022). Following the Supreme Court's decision in *Morgan*, whether a party is prejudiced by any delay in seeking arbitration is "not a condition of finding that a party waived its right to stay litigation or compel arbitration." *Id.* at 412; *Doyle v. UBS Fin. Servs., Inc.*, 144 F.4th 122, 131–32 (2d Cir. 2025). Instead, courts consider "all aspects of the moving party's conduct," including "(1) the time elapsed from when litigation was commenced until the request for arbitration" and "(2) the amount of litigation to date, including motion practice and discovery." *Doyle*, 144 F.4th at 126. It is the moving party's conduct that remains the focus of this inquiry. *Id.* Ultimately, whether a party waived its right to arbitrate is determined by the particular facts of the case. *Poletti v. Pepsi-Cola Bottling Co. of New York, Inc.*, No. 21-CV-7603 (VSB), 2023 WL 5769498, at *4 (S.D.N.Y. Sept. 6, 2023).

III.    <u>Discussion</u>

**A. The parties agreed to arbitrate Plaintiff's claims.**

First, the Court analyzes whether there is a binding arbitration agreement. Citibank has provided the Court with a copy of the arbitration agreement that it mailed to Plaintiff. *See* Account Agreement at 12. Plaintiff does not contest that she entered into this agreement to arbitrate. Rather, Plaintiff argues that because Citibank could not locate her account, there are questions about the agreement's authenticity and enforceability. Pl's Opposition to Def's Mot. to Compel ("Pl's Opp.), ECF No. 68, at 8–9. But Plaintiff's argument is undermined by the exhibits Citibank provides in support of its motion, demonstrating that it was able to locate Plaintiff's

4

account by providing a copy of the arbitration agreement. The agreement makes clear that by using the card, Plaintiff agreed to the terms of the agreement. Account Agreement at 5; *see* Transaction History. Thus, Citibank has met its initial burden of demonstrating that the arbitration agreement was made and Plaintiff has failed to show that the agreement is inapplicable or invalid. *See, e.g.*, *Anonymous v. JP Morgan Chase & Co.*, No. 05-CV-2422, 2005 WL 2861589, at *4 (S.D.N.Y. Oct. 31, 2005) ("Using a credit card and making payments to the credit provider binds the cardholder to the terms and conditions of card use," including an arbitration agreement).

Second, the Court evaluates whether the scope of the arbitration agreement covers Plaintiff's claims. Pursuant to the arbitration agreement, Plaintiff agreed, with limited exceptions not applicable here, to arbitrate "all Claims"—defined broadly as "any claim, dispute or controversy between you and us arising out of or related to your Account . . . or our relationship"—"no matter what legal theory they're based on or what remedy . . . they seek." Account Agreement at 12. Plaintiff does not contest that her claims fall within the scope of this agreement. Indeed, Plaintiff's claims plainly fall within the scope of this agreement, and Citibank is entitled to proceed with arbitration. *See Miley v. Citibank, N.A.*, No. 21-CV-7839 (JMF), 2021 WL 5166366 (S.D.N.Y. Nov. 5, 2021) (finding identical arbitration agreement enforceable).

### B. Citibank has not waived its right to arbitrate.

Plaintiff's main argument in opposition to Citibank's motion is that Citibank has acted inconsistently with its right to compel arbitration, therefore waiving that right. *See* Pl's Opp. at 6–8. The Court disagrees.

First, Citibank has not inordinately delayed filing its motion to compel arbitration. Plaintiff was first put on notice of Citibank's intention to arbitrate through an email from Citibank's counsel dated May 23, 2025, one day after Citibank was served, stating that Plaintiff's account was "subject to a binding arbitration agreement under which Citibank intend[ed] to move to compel to arbitrate." Pl.'s Ex., ECF No. 68-1, at 4.[3] In Citibank's answer—its first substantive action before this Court—Citibank asserted its right to arbitrate as its first affirmative defense, further putting Plaintiff on notice that Citibank intended to pursue arbitration. *See* Citibank's Answer, ECF No. 48, at 18. In fact, in asserting this defense, Citibank specifically stated that it "does not waive[] the right to compel arbitration of any claims asserted by Plaintiff." *Id.* Citibank mentioned the arbitration provision again in emails from November 12, November 14, and December 10 that it intended to file to compel arbitration. Pl's Ex. at 12–14, 30–31. Because Plaintiff declined to stipulate to arbitration, Citibank filed the instant motion, about six months after Plaintiff filed the operative second amended complaint. *See id.*

This conduct is not inconsistent with Citibank's right to compel arbitration, nor does it represent an inordinate delay. Citibank has put Plaintiff on notice of its

---

[3] Because Plaintiff filed all her exhibits in a single document, the page numbers will refer to the page numbers automatically assigned by ECF.

intent to arbitrate from its first communication with Plaintiff after Citibank was served with the complaint and consistently reiterated this intention in further communications. *See Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 237 (S.D.N.Y. 2020), *objections overruled*, 10-CV-6950, 2021 WL 4199912 (S.D.N.Y. Sept. 15, 2021) (finding no waiver where "Plaintiffs have been wholly aware of [defendant's] strategy to compel arbitration at most every significant step of this case"). Even so, Citibank filed this motion about six months after Plaintiff filed the operative complaint. Courts have found that a party has not waived its arbitration rights after even larger delays. *See Bayron-Paz v. Wells Fargo Bank, N.A.*, 2023 WL 4399041, at *5 (S.D.N.Y. July 7, 2023) (finding no waiver where defendant filed motion to compel arbitration eight months after the case was filed and previously filed an answer, moved to dismiss case, and consented to plaintiff's filing of two amended complaints); *McCoy v. Dave & Buster's, Inc.*, 2018 WL 550637, at *4 n.5 (E.D.N.Y. Jan. 24, 2018) (no waiver despite two year delay); *Hyman v. Cummings-Ramone*, No. 24-CV-5920 (MKB), 2025 WL 2549981, at *8 (E.D.N.Y. Sept. 4, 2025) (no waiver despite seven month delay).

Second, there has not been such substantial progress in this litigation that the Court should find that Citibank waived its right to compel arbitration. Although the parties have engaged in some limited discovery, that alone does not preclude Citibank from compelling arbitration. *See Rush v. Oppenheimer & Co.*, 779 F.2d 885, 888 (2d Cir. 1985) ("[D]efendants' participation in pretrial discovery did not preclude them from demanding arbitration."); *Pierre v. Rochdale Vill. Inc.*, 18-CV-6383, 2020 WL

6799635, at *7 (E.D.N.Y. Nov. 19, 2020) (discovery consisting of "limited production" and no depositions weighs against finding a waiver of the right to arbitrate). Discovery has mostly been limited to Citibank's responses to Plaintiff's first round of discovery requests. And on the record before the Court, it appears Citibank has not propounded any discovery requests itself. Given that Citibank had an obligation to respond to Plaintiff's requests under the Federal Rules, *see, e.g.*, Fed. R. Civ. P. 33, this conduct alone is not evidence that Citibank is acting inconsistently with its right to arbitrate. Further, contrary to Plaintiff's assertions, Citibank's involvement in attending court conferences and filing status letters also do not constitute substantial progress in this litigation. *See State Farm Mut. Auto. Ins. Co. v. Emuna Inc.*, 823 F. Supp. 3d 242, 248 (E.D.N.Y. 2026) ("Participation in limited or ministerial proceedings that do not address the substance of the arbitrable dispute does not constitute waiver," including "mere collection efforts or procedural filings."); *cf. Doyle*, 144 F.4th at 130 (finding waiver where defendants filed a motion to dismiss before moving to compel arbitration).

Considering these factors and Citibank's overall conduct in this litigation, the Court concludes that Citibank has not waived its right to compel arbitration.

### C. <u>Conclusion</u>

For the foregoing reasons, the Court grants Defendant Citibank's motion to compel arbitration. Additionally, in light of the fact that all claims against Citibank are subject to arbitration, the action is stayed as to Citibank pending resolution of the arbitration. *See Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) ("We join

8

those Circuits that consider a stay of proceedings necessary after all claims have been

referred to arbitration and a stay requested.").

SO ORDERED.

/s/ Clay H. Kaminsky
CLAY H. KAMINSKY
United States Magistrate Judge

Dated:   July 24, 2026
         Brooklyn, New York

9