UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JENNIFER PAUYO,<br><br>Plaintiff,<br><br>-against-<br><br>CITIBANK, N.A., EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANSUNION LLC,<br><br>Defendants. | : | **REPORT AND RECOMMENDATION**<br><br>25-CV-1041 (OEM) (CHK) |

**CLAY H. KAMINSKY, United States Magistrate Judge:**

Plaintiff Jennifer Pauyo, who is proceeding *pro se*, brings this action against defendants Citibank, N.A., Experian Information Solutions, Inc., and TransUnion LLC, alleging violations of the Fair Credit Reporting Act ("FCRA") and New York Business Law. Before the Court are TransUnion's motion to dismiss the Second Amended Complaint ("SAC") for failure to state a claim, ECF No. 52, and Plaintiff's motion for leave to file a "Revised Second Amended Complaint," ECF No. 57. For the reasons that follow, I respectfully recommend that TransUnion's motion to dismiss be granted and that Plaintiff's motion to amend be denied.

## I. Background

### A. Factual Background

Plaintiff alleges TransUnion violated the FCRA by reporting her Citibank account as charged-off and past-due after Plaintiff disputed her credit report as inaccurate. Specifically, her Second Amended Complaint, ECF No. 39, alleges as follows:

On November 5, 2024 and December 2, 2024, Plaintiff filed disputes with TransUnion regarding her Citibank account after her TransUnion credit report listed her Citibank account as charged-off with a past due balance. SAC ¶ 2. TransUnion responded to Plaintiff's dispute on December 3, 2024, stating that it verified Plaintiff's credit report as "accurate and updated." *Id.* ¶ 3.

Plaintiff filed a dispute with Citibank regarding the tradeline one week later, on December 10, 2024. *Id.*¶ 4. Plaintiff enclosed several documents to support her claim, including documentation that a state-court debt collection action brought by Citibank to collect the outstanding balance had been voluntarily dismissed without prejudice in 2023. *Id.* ¶¶ 4, 37. Citibank responded to Plaintiff's dispute on January 9, 2025, stating that it was unable to locate Plaintiff's account. *Id.* ¶ 5.

Plaintiff alleges that by reporting her Citibank account as charged-off and past-due, TransUnion violated FCRA, resulting in rental application denials among other injuries. *Id.* ¶¶ 6, 18.

Plaintiff filed the present action against Citibank in February 2025, later adding TransUnion and Experian Information Solutions as defendants. *See* ECF Nos. 13, 28. Plaintiff filed her operative Second Amended Complaint in August 2025. TransUnion filed the instant motion to dismiss in November 2025. *See* Mot. to Dismiss, ECF No. 52.

Plaintiff subsequently filed a "Revised Second Amended Complaint" without leave of court on December 6, 2025. ECF No. 57. The Court construed this submission as a motion for leave to amend. *See* December 10, 2025 Order. Plaintiff's proposed

revised complaint contains nearly identical allegations to the Second Amended Complaint, merely adding details to clarify the timeline of events, her claims against Citibank under the Uniform Commercial Code, and her allegations about Citibank's debt collection efforts. TransUnion opposes Plaintiff's motion to amend on the grounds that the proposed amendment is futile and would prejudice TransUnion by delay, duplicative motion practice, and increasing the scope of discovery. ECF No. 58. Both the motion to dismiss and motion to amend were referred to me by the Honorable Orelia E. Merchant on January 5, 2026.

## II. Legal Standards

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the plaintiff must state a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Accordingly, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In evaluating the complaint, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). However, the Court is "not bound to accept as true legal conclusion couched as factual allegation." *Turner v. New York Rosbruch/Harnik, Inc.*, 84 F. Supp. 3d 161, 167 (E.D.N.Y. 2015) (quoting *Iqbal*, 556 U.S. at 678. If the plaintiff's well-pleaded allegations have not "nudged [its] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be

dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Iqbal*, 556 U.S. at 680.

When considering a motion to dismiss brought against a *pro se* litigant, the Court liberally construes the *pro se* plaintiff's pleadings, holding that party's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Angulo v. Nassau Cnty.*, 89 F. Supp. 3d 541, 548 (E.D.N.Y. 2015) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). Courts interpret a *pro se* plaintiff's claims as "rais[ing] the strongest arguments they suggest." *Id.* (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)).

Courts "freely give" leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). While courts have broad discretion over whether to grant a motion to amend, leave to amend should only be denied for good cause, which includes "undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725–26 (2d Cir. 2010); *Lynch v. Nat'l Prescription Administers, Inc.*, 795 Fed. App'x 68, 69–70 (2d Cir. 2020). "The party opposing amendment bears the burden of demonstrating good reason for denial." *Cook v. City of New York*, 243 F. Supp. 3d 332, 340 (E.D.N.Y. 2017).

Courts need not grant leave to amend where the proposed amendment would be futile. *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011). To determine whether amendment would be futile, courts analyze whether the plaintiff's claims

could withstand a motion to dismiss. *See AEP Energy Services*, 626 F.3d at 726 ("Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact.").

## III. Analysis

### A. Fair Credit Reporting Act Claims

Plaintiff alleges that TransUnion violated its statutory duties under both Sections 1681e(b) and 1681i of FCRA. Section 1681e(b) requires credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Section 1681i lays out procedures consumer reporting agencies must follow to investigate disputes as to the accuracy of reported information. *See* 15 U.S.C. § 1681i.

To state a claim under either § 1681e(b) or § 1681i, the plaintiff must allege an inaccuracy in her credit report. *Sessa v. Trans Union, LLC*, 74 F.4th 38, 42 (2d Cir. 2023); *Phipps v. Experian*, No. 20-CV-3368 (LLS), 2020 WL 3268488, at *3 (S.D.N.Y. June 15, 2020) ("In actions under § 1681e and § 1681i, the threshold question is whether the disputed credit information is inaccurate."). A credit report is inaccurate when "it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 91 (2d Cir. 2021) (citations omitted). "A plaintiff must therefore identify the specific information on [her] credit report that is inaccurate and explain why the identified information is inaccurate." *Phipps*, 2020 WL 3268488,

at *3. If the information on the plaintiff's credit report is accurate, "no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary." *Wimberly v. Experian Info. Sols., Inc.*, No. 18 CIV. 6058 (KPF), 2019 WL 6895751, at *5 (S.D.N.Y. Dec. 18, 2019).

Here, Plaintiff argues that TransUnion violated FCRA by reporting Plaintiff's Citibank tradeline as charged-off and past-due even after Plaintiff filed a dispute with the agency. SAC ¶¶ 2–3. Liberally construing Plaintiff's complaint in light of her *pro se* status, she alleges two inaccuracies:

First, Plaintiff faults TransUnion for reporting her Citibank account as charged-off and past-due despite Citibank's inability to locate the account. SAC ¶¶ 15–17. Yet Plaintiff fails to allege sufficient facts to make the threshold showing that her credit report therefore contained inaccurate information. Plaintiff does not deny that she owned the Citibank account, nor does she allege that she did not incur the debt reflected on the TransUnion report. She therefore fails to allege an inaccuracy in her credit report from which the Court could draw the reasonable inference that TransUnion is liable for violating FCRA. *See Hossain v. Portfolio Recovery Assocs., LLC*, 693 F. Supp. 3d 358, 365 (E.D.N.Y. 2023) (granting motion to dismiss where the plaintiff failed to dispute "the factual accuracy of the size or existence of the debt itself") (quoting *Holland v. Chase Bank USA, N.A.*, 475 F. Supp.3d 272 (S.D.N.Y. 2020)). Her allegation regarding Citibank's inability to locate her account is immaterial in light of her acknowledgment that the account existed.[1]

[1] Indeed, Plaintiff further acknowledges that Citibank sued her to collect the debt. I note that Citibank's response to Plaintiff's dispute stated that it could not find the account *with the*

Second, Plaintiff alleges the TransUnion "overlook[ed] readily available evidence," *i.e.*, the state court dismissal of Citibank's collection action. *See* SAC ¶¶ 21–22. Again, Plaintiff fails to allege facts sufficient to plausibly allege an actionable inaccuracy.

The voluntary dismissal of the state court action without prejudice does not plausibly support the conclusion that Plaintiff's credit report is incorrect. When a case is dismissed without prejudice, it "leaves the situation as if the action never had been filed." 9 Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure § 2367 (3d ed. 2016); *see United States v. L-3 Commc'ns EOTech, Inc.*, 921 F.3d 11, 19 (2d Cir. 2019); *Wilson v. Phoenix House*, 978 N.Y.S.2d 748, 760–61 (Sup. Ct. 2013). Not only does Plaintiff misapprehend the effect of the state court dismissal; her statement to that effect is also wholly conclusory. Plaintiff provides no evidence to support her conclusion other than the mere fact the lawsuit was voluntarily dismissed. *See Khan v. Equifax Info. Servs., LLC*, No. 18-CV-6367 (MKB), 2019 WL 2492762 (E.D.N.Y. June 14, 2019) (dismissing complaint where plaintiff failed to "explain how or why the Citibank Settlement rendered Defendant's report — which indicates that the Citibank Tradeline is 'paid and/or charged off'— inaccurate.").

To the extent Plaintiff asserts that the dismissal without prejudice of the state court action somehow affected her liability to Citibank, that still fails to allege a cognizable inaccuracy as required by FCRA. *See Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 270 (2d Cir. 2023) (inaccuracy based on an unsettled legal question is

---

*information Plaintiff provided* and then requested further documentation to find the account. *See* ECF No. 49-1. Plaintiff does not detail what information she provided to Citibank.

not actionable under FCRA); *see also Hossain*, 693 F. Supp. 3d at 363 (credit reporting agencies need only focus on "straightforward, objectively and readily verifiable information when conducting [their] investigations under the FCRA to ensure accurate credit reports."). Moreover, the Court is not obligated to accept Plaintiff's legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678.

Accordingly, I recommend dismissing Plaintiff's FCRA claims against TransUnion.

**B. State Law Claims**

Plaintiff also asserts a claim against TransUnion under New York General Business Law § 349 in both her Second Amended Complaint and proposed Revised Second Amended Complaint, alleging that TransUnion engaged in deceptive conduct by continuing to report Plaintiff's Citibank tradeline. *See* SAC ¶¶ 39–42. In her opposition to TransUnion's motion to dismiss, Plaintiff also asserts a claim against TransUnion under the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2, which was not alleged in any version of the complaint. *See* ECF No. 49 at 19–20.

To state a claim under New York General Business Law § 349, Plaintiff must plead "(1) that the defendant's conduct is 'consumer-oriented;' (2) that the defendant is engaged in a 'deceptive act or practice;' and (3) that the plaintiff was injured by this practice." *Wilson v. Northwestern Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26–27, (1995)). Here, Plaintiff's claim fails because she has not alleged that TransUnion's conduct affects the public at large. Instead, she alleges only

"isolated event[s]" between private parties. *Genna v. Sallie Mae, Inc.*, No. 11-CV-7371, 2012 WL 1339482, at *7 (S.D.N.Y. Apr. 17, 2012). That is not sufficient to state a claim under § 349. *See, e.g.*, *Lewis v. Experian Info. Sols., Inc.*, No. 23-CV-857 (AMD) (RML), 2024 WL 1308705, at *10 (E.D.N.Y. Mar. 27, 2024); *Kaufman v. Medical Liab. Mut. Ins. Co.*, 92 A.D.3d 1057, 1058, 938 N.Y.S.2d 367 (2012) ("Private contract disputes, unique to the parties . . . do not fall within the ambit of the statute") (cleaned up). Accordingly, I recommend dismissing Plaintiff's claims under New York General Business Law § 349. I recommend taking no action on Plaintiff's putative claim under N.J.S.A. § 56:8-2, as it was raised for the first time in her opposition to TransUnion's motion to dismiss and is thus not properly before the Court. *See Peacock v. Suffolk Bus Corp.*, 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015).

### C. Motion to Amend

Plaintiff's proposed amended complaint does not fix these pleading deficiencies. Rather, the proposed amendments to Plaintiff's complaint merely clarify the timeline of Plaintiff's credit disputes and add more detail about the debt collection action. None of these amendments adds substantive allegations against TransUnion; they therefore do not push any of her claims "across the line from conceivable to plausible" to state a plausible inaccuracy actionable under FCRA. *See Twombly*, 550 U.S. at 570; *see* Mot. to Amend, ECF No. 57. Accordingly, I recommend that the motion to amend be denied.

## IV. Conclusion

For the foregoing reasons, I respectfully recommend granting TransUnion's motion to dismiss and denying Plaintiff's motion to amend.

* * * * *

This report and recommendation will be filed electronically. Objections to this report and recommendation must be filed within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision") (quotation marks omitted).

SO ORDERED.

_/s/ Clay H. Kaminsky_________
CLAY H. KAMINSKY
United States Magistrate Judge

Dated: July 28, 2026
Brooklyn, New York