UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JENNIFER PAUYO,

Plaintiff,

-against-

CITIBANK, N.A., *et al.*,

Defendants.
---------------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-1041 (OEM) (CHK)

ORELIA E. MERCHANT, United States District Judge:

*Pro se* plaintiff Jennifer Pauyo ("Plaintiff") brings this action against Citibank, N.A. ("Citibank"); Experian Information Solutions, Inc. ("Experian"); and Trans Union LLC ("Trans Union"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*; New York General Business Law § 349 ("NYGBL"); and Uniform Commercial Code. *See generally* Second Amended Complaint, Dkt. 39 ("SAC"). Pending before the Court is Magistrate Judge Clay H. Kaminsky's Report and Recommendation ("R&R"), which recommends dismissing the SAC and denying Plaintiff leave to amend the SAC.[1] On August 11, 2026, Plaintiff timely filed objections to the R&R. *See generally* Plaintiff's Objections Under Fed. R. Civ. P. 72(b) to the July 28, 2026 Report and Recommendation, Dkt. 75 ("Plaintiff's Objections" or "Pl.'s Objs.").

For the following reasons, Plaintiff's objections are overruled, and the R&R is adopted in full.

[1] *See generally* Report and Recommendation, Dkt. 73; Trans Union, LLC's Motion to Dismiss Plaintiff's Complaint, Dkt. 52 ("Trans Union's Motion to Dismiss" or "Trans Union's MTD"); Plaintiff's Opposition to TransUnion LLC's Motion to Dismiss, Dkt. 49 ("Plaintiff's Opposition" or "Pl.'s Opp'n"); Trans Union LLC's Reply to Plaintiff's Opposition to Trans Union LLC's Motion to Dismiss Plaintiff's Complaint, Dkt. 53 ("Trans Union's Reply"); Submission of Revised Second Amended Complaint, Dkt. 57 ("Plaintiff's Motion to Amend" or "Pl.'s Mot. to Amend"); Trans Union's Letter to the Court (Dec. 16, 2025), Dkt. 58 ("Trans Union's Opposition" or "Trans Union's Opp'n").

## BACKGROUND[2]

### A. Factual Background

In pertinent part, the SAC alleges that on or around November 5, 2024, and December 2, 2024, Plaintiff disputed a Citibank tradeline with Trans Union. SAC ¶ 2. On or around December 3, 2024, Trans Union replied that the tradeline was "verified as accurate and updated" and continued to publish it as "charged-off with a past-due balance." *Id.* ¶ 3. "On December 10, 2024," Plaintiff contends that she "sent Citibank a written dispute," which "enclosed supporting documents including debt collector notices, cease and desist letters, and the dismissal of [a] state court case" that had been brought against her to collect the debt. *Id.* ¶ 4. "On January 9, 2025," however, Plaintiff states that Citibank indicated that "it could not locate the account." *Id.* ¶ 5. Nevertheless, Plaintiff alleges that "TransUnion continued to report the tradeline as charged-off/past-due and verified it as accurate." *Id.* ¶ 6. As a result, Plaintiff asserts that she "suffered rental housing denials," which were directly caused by Trans Union "reporting a delinquent tradeline that could not be substantiated[] and failing to take reasonable steps to correct it, in violation of the FCRA." *Id.*

### B. Procedural Background

On February 21, 2025, Plaintiff commenced this action against Citibank, alleging various violations of the FCRA and seeking monetary damages. *See* Complaint for a Civil Case, Dkt. 1. On May 16, 2025, Plaintiff then amended her complaint with leave of Court, adding Experian and Trans Union as defendants and seeking monetary damages against them, as well, for violations of the FCRA. *See* First Amended Complaint, Dkt. 13; Order, dated May 16, 2025.

On July 9, 2025, Trans Union filed a pre-motion conference request on an anticipated

[2] The Court assumes the parties' familiarity with the factual and procedural history of this case as set forth in the R&R, *see* R&R at 1-3, and recites only information relevant to resolving the R&R and Plaintiff's Objections thereto.

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") motion to dismiss. *See* Trans Union's Letter to the Court (July 9, 2025), Dkt. 25. On July 13, 2025, Plaintiff filed a response, *see* Plaintiff's Letter in Opposition to TransUnion's Pre-Motion Request to Dismiss, Dkt. 26, and the following day, Plaintiff filed a motion for leave to file a second amended complaint, *see* Plaintiff's Motion for Leave to File Second Amended Complaint, Dkt. 28. On July 14, 2025, the Court granted Trans Union's pre-motion conference request, *see* Order, dated July 14, 2025, and held a pre-motion conference on July 30, 2025, *see* Minute Entry, dated July 30, 2025. At that conference, the Court granted Plaintiff leave to file a second amended complaint and set a briefing schedule on Trans Union's anticipated motion to dismiss. *See* Minute Entry, dated July 30, 2025.

On August 22, 2025, Plaintiff filed the SAC, asserting the following claims against Trans Union: (1) failure to conduct a reasonable reinvestigation in violation of the FCRA, 15 U.S.C. § 1681i(a)(1); (2) failure to assure maximum possible accuracy in violation of the FCRA, 15 U.S.C. § 1681e(b); and (3) engaging in materially misleading conduct in violation of NYGBL § 349. *See* SAC ¶¶ 20-25, 39-42.

On November 12, 2025, Trans Union's fully briefed motion to dismiss was filed on the docket. *See* Trans Union's MTD; Pl.'s Opp'n; Trans Union's Reply. Trans Union seeks dismissal of the SAC under Rule 12(b)(6), asserting that: (1) "Plaintiff has failed to plead or prove Trans Union's reporting is inaccurate," as required under the FCRA, and (2) Plaintiff has failed "to allege any facts in support of her claim that Trans Union engaged in conduct in violation of N.Y. General Business Law § 349." Trans Union's MTD at 7; *see id.* at 7-12.

On December 6, 2025, Plaintiff filed a letter attaching a "Revised Second Amended Complaint," *see* Pl.'s Mot. to Amend, which Magistrate Judge Kaminsky construed as a request to file a third amended complaint and directed, among other things, Trans Union to respond,

indicating what effect, if any, that proposed amended complaint would have on its fully briefed motion to dismiss, *see* Order, dated Dec. 10, 2025. On December 16, 2025, Trans Union filed a letter opposing Plaintiff's proposed amendment. *See* Trans Union's Opp'n.

On July 28, 2026, Magistrate Judge Kaminsky issued the R&R, recommending dismissal of the SAC and denying Plaintiff's Motion to Amend. *See* R&R at 5-10. On the FCRA claims, the R&R specifically concludes that Plaintiff "fails to allege an inaccuracy in her credit report from which the Court could draw the reasonable inference that TransUnion is liable for violating FCRA," *id.* at 6; *see id.* at 6-8, and, on the NYGBL § 349 claim, the R&R finds that Plaintiff has not "alleged that TransUnion's conduct affects the public at large," *id.* at 8; *see id.* at 8-9. The R&R lastly recommends denying Plaintiff's Motion to Amend for futility, on the grounds that Plaintiff fails to add any "substantive allegations against TransUnion," such that her proposed amendments "do not push any of her claims 'across the line from conceivable to plausible.'" *Id.* at 9 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Objections to the R&R were due by August 11, 2026. *See* FED. R. CIV. P. 72(b) ("Rule 72(b)"). Plaintiff timely filed her objections on August 11, 2026, *see* Pl.'s Objs., and, to date, Trans Union has filed no objections or response.

**STANDARD OF REVIEW**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3); *accord Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025). "If a party fails to properly object to the R&R, the district judge

reviews the R&R only for clear error." *Nambiar*, 158 F.4th at 359 (citing FED. R. CIV. P. 72(b) advisory committee's note to 1983 amendment).

A proper objection must be timely and specific. *Id.* In other words, it must be filed within 14 days of a magistrate judge's report and recommendation, FED. R. CIV. P. 72(b)(2), and must object "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection. . . . Merely referring the court to previously filed papers or arguments does not constitute an adequate objection," *Nambiar*, 158 F.4th at 359 (first quoting *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); and then quoting *Mario v. P & C Food Mkts.*, 313 F.3d 758, 766 (2d Cir. 2002)). Moreover, "[a] proper objection generally may not raise new arguments not previously made before the magistrate judge." *Id.*

## DISCUSSION

Plaintiff challenges the R&R's recommendations to grant Trans Union's Motion to Dismiss and to deny Plaintiff's Motion to Amend. *See* Pl.'s Objs. at 3-24. The Court addresses each in turn.

### A. Trans Union's Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While a complaint need not contain "detailed factual allegations" it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Legal

conclusions or "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

With that said, a *pro se* complaint must "be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Even after *Twombly*," the Court "remain[s] obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, the "basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (per curiam) (quoting *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004)).

**1. FCRA Claims**

Beginning with Plaintiff's FCRA claims, Trans Union argues that the SAC "fail[s] to plead an inaccuracy as required to state a claim" under both sections of the FCRA that Plaintiff alleges Trans Union violated, 15 U.S.C. §§ 1681i(a)(1) and 1681e(b). Trans Union's MTD at 7 (citation modified). Notably, Trans Union highlights Plaintiff's failure to deny "the factual accuracy or the existence of the Citibank" debt, failure to deny that she incurred that debt, and failure to deny her responsibility for the account. *Id.* at 8-10. In response, Plaintiff contends that she has adequately alleged an inaccuracy in her FCRA claims, asserting that "[a] tradeline cannot be 'accurate' when the source of that information admits it cannot locate or verify the account." Pl.'s Opp'n at 12; *see id.* at 12-17. In doing so, Plaintiff flags three "exhibits supporting the inaccuracy," including two letters from Trans Union and Citibank, as well as a stipulation of dismissal from New Jersey state court, which purportedly "[c]onfirms Citibank's claim against Plaintiff was dismissed, demonstrating the debt's unenforceability." *Id.* at 13 (citation modified).

The R&R concludes that Plaintiff "fails to allege an inaccuracy in her credit report from which the Court could draw the reasonable inference that TransUnion is liable for violating FCRA." R&R at 6. Further, it states that "Plaintiff does not deny that she owned the Citibank account, nor does she allege that she did not incur the debt reflected on the TransUnion report," such that Citibank's inability to locate the account with the materials she provided them is "immaterial." *Id.* at 6 & n.1. It adds that the "voluntary dismissal of the state court [collections] action without prejudice does not plausibly support the conclusion that Plaintiff's credit report is incorrect" because, "[w]hen a case is dismissed without prejudice, it 'leaves the situation as if the action never had been filed.'" *Id.* at 7 (quoting 9 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2367 (3d ed. 2016)). Moreover, the R&R concludes that "[t]o the extent Plaintiff asserts that the dismissal without prejudice of the state court action somehow affected her liability to Citibank, that still fails to allege a cognizable inaccuracy" because it involves an unsettled legal question and, in any case, constitutes an unsupported legal conclusion that the Court need not accept under Rule 12(b)(6). *Id.* at 7-8.

In Plaintiff's Objections, she contends that the R&R errs in concluding that "she failed to plausibly allege an actionable inaccuracy" under the FCRA. Pl.'s Objs. at 1. Specifically, she takes issue with the R&R's conclusion that her acknowledgement that the Citibank account existed, for which she owed a debt, "substantially resolv[es] the accuracy inquiry." *Id.*; *see id.* at 3-6. She also disputes the R&R's discussion of the state-court dismissal, which she asserts actually "form[s] part of a factual sequence relevant to whether the derogatory information TransUnion continued to report could be reliably substantiated," rather than alleging that the dismissal extinguished the debt or involved an unsettled legal question. *Id.* at 8-10. Moreover, Plaintiff

argues that the R&R should have gone on to address her reinvestigation theory under the FCRA, rather than ending its analysis at accuracy. *Id.* at 15-21.

Applying a *de novo* standard of review, the Court adopts the R&R's conclusion regarding Plaintiff's FCRA claims. Title 15 of the U.S. Code § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Title 15 of the U.S. Code § 1681i(a)(1) relatedly requires a consumer reporting agency to reinvestigate a disputed item in a consumer's file "to determine whether the disputed information is inaccurate" and prescribes certain procedures in doing so. 15 U.S.C. § 1681i(a)(1)(A). To plausibly state a claim under either section, a plaintiff "must establish that the challenged report is inaccurate." *Sessa v. Trans Union, LLC*, 74 F.4th 38, 42 (2d Cir. 2023); *see Khan v. Equifax Info. Servs., LLC*¸ 18-CV-6367 (MKB), 2019 WL 2492762, at *2-4 (E.D.N.Y. June 14, 2019); *Gestetner v. Equifax Info. Servs. LLC*, 18 Civ. 5665 (JFK), 2019 WL 1172283, at *2-3 (S.D.N.Y. Mar. 13, 2019). "[A] credit report is inaccurate either when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 91 (2d Cir. 2021) (quoting *Khan*, 2019 WL 2492762, at *3). This inquiry focuses "on objectively and readily verifiable information." *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023).

The core of Plaintiff's allegations is that she disputed the Citibank tradeline with Trans Union and that, even though Citibank could not locate her account using documents she sent them separately ("including debt collector notices, cease and desist letters, and the dismissal of the state court case"), Trans Union overlooked readily available evidence and "continued to report the tradeline as charged-off/past-due and verified it as accurate." SAC ¶¶ 1-6, 20-25. However, these

contentions do not plausibly allege an inaccuracy. The fact that Citibank could not locate Plaintiff's account with the materials she furnished them does not necessarily mean that Trans Union could not independently identify and verify the debt. Further, Plaintiff does not dispute that there is a debt or that the account at Citibank was hers. Pl.'s Objs. at 4 ("Plaintiff does not challenge that a Citibank account historically existed."). Rather, Plaintiff makes the conclusory assertion that the information published by Trans Union was inaccurate but does not furnish any detail about how or why that information was inaccurate, such as by explaining that the debt was not, in fact, "charged-off/past-due." Even granting Plaintiff the liberal construction she is owed as a *pro se* litigant, *see, e.g.*, *Erickson*, 551 U.S. at 94, these assertions are not enough, *see, e.g.*, *Khan*, 2019 WL 2492762, at *4 (determining that the plaintiff failed to state claims under both 15 U.S.C. §§ 1681e(b) and 1681i where the plaintiff "[did] not state facts demonstrating that [the d]efendant's report about [the p]laintiff was inaccurate, either because it is patently incorrect or because it is misleading in such a way and to such an extent that it can be expected to have an adverse effect"); *Wimberly v. Experian Info. Sols.*, 1:18-cv-6058-MKV, 2021 WL 326972, at *5 (S.D.N.Y. Feb. 1, 2021) (similarly determining that the plaintiff failed to state claims under both 15 U.S.C. §§ 1681e(b) and 1681i where the plaintiff pled "no specific *facts* to support his proposed claims that the information [the d]efendant reported was inaccurate").

Having concluded that Plaintiff failed to allege an inaccuracy, as required under both FCRA claims, the R&R does not err by not proceeding to analyze the rest of Plaintiff's reinvestigation claim. *Contra* Pl.'s Opp'n at 15-21. That is because inaccuracy is a "threshold question" under both sections, such that no further inquiry is necessary. *Khan*, 2019 WL 2492762, at *2 (quoting *Neclerio v. Trans Union, LLC*, 983 F. Supp. 2d 199, 209 (D. Conn. 2013)); *see Sessa*, 74 F.4th at 42; *see, e.g.*, *Khan*, 2019 WL 2492762, at *4 (dismissing claims under both 15

U.S.C. §§ 1681e(b) and 1681i "because [the plaintiff] ha[d] not alleged facts showing that the information that [the d]efendant reported about him [wa]s inaccurate"); *Wimberly*, 2021 WL 326972, at *5 (declining the plaintiff leave to further amend due to, among other things, a failure to allege inaccuracy under 15 U.S.C. §§ 1681e(b) and 1681i). Indeed, Plaintiff acknowledges that inaccuracy is a threshold requirement. *See* Pl.'s Objs. at 20.

Plaintiff's arguments to the contrary are not persuasive. Plaintiff asserts that "acknowledgement of the original account relationship did not necessarily establish the accuracy of every later representation concerning the account's balance, status, furnisher, servicing history, or continuing derogatory treatment." Pl.'s Objs. at 6; *see id.* at 3-5. However, that is not what the R&R finds, nor is that the applicable standard on a Rule 12(b)(6) motion to dismiss. *See* R&R at 3-8. Rather, the R&R acknowledges that Plaintiff carries the burden of stating a plausible claim upon which relief may be granted, which she fails to do. *Id.* As stated above, Plaintiff has not adequately alleged an inaccuracy and, in reaching that conclusion, neither the R&R nor this Court makes an affirmative finding of accuracy.

Plaintiff additionally takes issue with the R&R's discussion of the state-court action. *See* R&R at 7-8. However, even adopting Plaintiff's view that the state-court action was merely offered as "part of the factual circumstances from which Plaintiff alleged that TransUnion's continued reporting was inaccurate," and not intended to implicate the legal effect of the dismissal, Pl.'s Objs. at 10; *see id.* at 7-8, the factual circumstances themselves still fail to state a claim, as explained above, because they do not affirmatively identify an inaccuracy through "objectively and readily verifiable information." *Mader*, 56 F.4th at 269. Instead, Plaintiff asks the Court to infer from Citibank's failure to locate Plaintiff's account with the information she provided them that Trans Union necessarily could not verify the account, which is insufficient to state a claim.

Accordingly, Plaintiff's FCRA claims against Trans Union are dismissed.

**2. NYGBL § 349 Claim**[3]

With respect to Plaintiff's NYGBL § 349 claim, Trans Union's Motion to Dismiss argues that Plaintiff failed to plead any specific facts. Trans Union's MTD at 11. Plaintiff responds that she has adequately stated a claim by asserting that Trans Union had repeatedly verified a tradeline as accurate despite documentary evidence she had submitted to them contradicting the validity of the account. Pl.'s Opp'n at 19.

The R&R concludes that the SAC fails to plausibly state a claim because it does not allege "that TransUnion's conduct affects the public at large," as opposed to "'isolated event[s]' between private parties." *Id.* at 8-9 (alteration in original) (quoting *Genna v. Sallie Mae, Inc.*, 11 Civ. 7371(LBS), 2012 WL 1339482, at *7 (S.D.N.Y. Apr. 17, 2012)). In Plaintiff's Objections, she asserts that the SAC does assert that the conduct was "consumer-oriented" and "not merely a private transaction unique to Plaintiff" because it "expressly allege[s] that TransUnion engaged in

[3] In reaching this state-law claim, the Court opts to exercise supplemental jurisdiction. "In any civil action of which the district courts have original jurisdiction," 28 U.S.C. § 1367(a) provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[C]laims 'form part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004)); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Here, Plaintiff's FCRA claims and NYGBL § 349 claims do derive from a common nucleus of operative fact in that they all arise out of the same, disputed credit reporting.

Moreover, exercising supplemental jurisdiction here would comport with the values of judicial economy, convenience, fairness, and comity. Where 28 U.S.C. § 1367(a) is satisfied, "the discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c)." *Itar–Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998). Title 28 U.S. Code § 1367(c)(3) provides, among other grounds, that district courts "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having determined that Plaintiff fails to state a claim under the FCRA, the Court has dismissed "all claims over which it has original federal jurisdiction." *Id.* Thus, the Court goes on to assess "the values of judicial economy, convenience, fairness, and comity." *Kroshnyi v. U.S. Pack Courier Servs.*, 771 F.3d 93, 102 (2d Cir. 2014) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Here, exercising supplemental jurisdiction would promote the values of judicial economy and convenience, in particular, because Plaintiffs' claims against the other named Defendants are proceeding in federal court. Requiring Plaintiff to bring a parallel action in a different forum, which would likely involve duplicative efforts by the litigants and the courts, would thus be inefficient and inconvenient. Further, the Court notes that Trans Union puts forward no argument against the Court's exercise of supplemental jurisdiction.

materially misleading conduct by verifying and publishing inaccurate credit information despite Plaintiff's disputes and . . . that such conduct was 'consumer-oriented, repeated across systems, and likely to mislead reasonable consumers.'" Pl.'s Objs. at 22. She contends that the "R&R construed the consumer-oriented requirement too narrowly by treating Plaintiff's allegations as concerning only an isolated event between private parties without addressing the broader character of the consumer-reporting practices alleged." *Id.*

Applying a *de novo* standard of review, the Court adopts the R&R's conclusion regarding Plaintiff's NYGBL § 349 claim. To state a claim under NYGBL § 349, a plaintiff must allege three elements: (1) that the conduct is "consumer-oriented"; (2) that "the defendant is engaging in an act or practice that is deceptive or misleading in a material way"; and (3) that the plaintiff "has been injured by reason thereof." *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank*, 647 N.E.2d 741, 744 (N.Y. 1995); *accord Wilson v. Nw. Mut. Ins.*, 625 F.3d 54, 64-65 (2d Cir. 2010). "Consumer-oriented conduct does not require a repetition or pattern of deceptive behavior." *Oswego*, 647 N.E.2d at 744. Thus, a plaintiff "need not show that the defendant committed the complained-of acts repeatedly." *Id.* However, a plaintiff "must demonstrate that the acts or practices have a broader impact on consumers at large. Private contract disputes, unique to the parties, for example, would not fall within the ambit of the statute." *Id.*

Here, the SAC does not plausibly allege consumer-oriented conduct. Instead, it simply asserts, in a conclusory fashion, that Trans Union "engaged in materially misleading conduct by verifying and publishing inaccurate credit tradelines without proper investigation or validation," SAC ¶ 40; that such "conduct was consumer-oriented, repeated across systems, and likely to mislead reasonable consumers," *id.* ¶ 41; and that Plaintiff was injured as a result, "including housing denials, financial injury, and emotional distress," *id.* ¶ 42. As stated above, the Court is

not required to accept, on a Rule 12(b)(6) motion, a plaintiff's legal conclusions, even while it is required to assume the truth of a plaintiff's allegations, resolve ambiguities in her favor, and afford her a liberal construction as a *pro se* litigant. *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)); *Erickson*, 551 U.S. at 94. Plaintiff's bare recitation of the elements is thus insufficient. At best, the SAC establishes a private dispute between Plaintiff and Trans Union. *See, e.g.*, *Lewis v. Experian Info. Sols., Inc.*, 23-CV-857 (AMD) (RML), 2024 WL 1308705, at *10 (E.D.N.Y. Mar. 27, 2024) (dismissing a *pro se* plaintiff's complaint where, among other reasons, the plaintiff failed to state a claim under NYGBL § 349 because the complaint alleged only isolated events between private parties); *Dupervil v. Early Warning Servs., LLC*, 25-CV-1616 (RPK) (LKE), 2026 WL 880215, at *3 (E.D.N.Y. Mar. 31, 2026) (same); *Charles v. Verizon Commc'ns, Inc.*, 25-CV-03234 (NRM) (AYS), 2025 WL 3042161, at *3 (E.D.N.Y. Oct. 31, 2025) (similarly dismissing a *pro se* plaintiff's complaint where, among other things, the complaint failed to state a claim under NYGBL § 349 because it did "not present any plausible allegations to support [it]").

Accordingly, Plaintiff's NYGBL § 349 claim against Trans Union is dismissed.

**B. Plaintiff's Motion to Amend**

Next, the Court considers Plaintiff's Motion to Amend. Plaintiff attaches what she terms a "Revised Second Amended Complaint," Pl.'s Mot. to Amend at 2, that does not change the substance of what Plaintiff alleges against Trans Union, *compare* SAC ¶¶ 1-6, 18-25, 39-42*, with* Pl.'s Mot. to Amend ¶¶ 1-6, 18-25, 39-42, but expands the relevant time period involving Trans Union by approximately two years, *compare* SAC ¶¶ 1-6, 18b (starting "[o]n or about November 5, 2024 . . . through at least July 2025")*, with* Pl.'s Mot. to Amend ¶¶ 1-6, 18(c) (" . . . TransUnion

and Experian continued publishing the inaccurate Citibank tradeline month after month from 2022 and continuing through at least November 29, 2025 . . . ."). In opposition, Trans Union argues that Plaintiff's proposed amendment is futile, largely for the same reasons it argues the SAC fails to state a claim. Trans Union's Opp'n at 1-5. It adds that leave to amend would unduly prejudice Trans Union because the proposed amendment "follows substantial motion practice regarding the allegations raised in Plaintiff's SAC"; does not cure any of the identified deficiencies in the SAC; and would require expanded discovery, beyond the FCRA's two-year statute of limitations, which would delay disposition of this case. *Id.* at 5. Trans Union highlights that Plaintiff does not offer any reasons for her delay. *Id.*

The R&R recommends that Plaintiff's Motion to Amend be denied. R&R at 9. It observes that "[n]one of [Plaintiff's] proposed amendments adds substantive allegations against TransUnion" or "fix[es the SAC's] pleading deficiencies." *Id.* In Plaintiff's Objections, she asserts that the R&R "does not fully account for the additional allegations directed specifically to TransUnion," namely, that "TransUnion continued publishing the challenged Citibank tradeline 'month after month' through at least November 29, 2025"; that Trans Union continues to report it as of the date of the proposed pleading's filing; and "that the prolonged publication caused continuing harm." Pl.'s Objs. at 11-12. Plaintiff further contends that the R&R's "futility determination necessarily rests upon its preceding conclusion that Plaintiff failed to plausibly allege an actionable inaccuracy." *Id.* at 13.

Applying a *de novo* standard of review, the Court adopts the R&R's recommendation regarding Plaintiff's Motion to Amend. Amendments to a pleading before trial are governed by Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"), which provides:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:

> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a)(1)-(2). Plaintiff has already amended her complaint twice with leave of Court, and Trans Union does not consent to Plaintiff amending her complaint again. While courts "should freely give leave" to amend "when justice so requires," FED. R. CIV. P. 15(a)(2), this principle is not without limits, *see Garrand Bros. LLC v. Am. Honda Motor Co.*, 23-7343-cv, 2024 WL 4691004, at *3 (2d Cir. Nov. 6, 2024) ("While leave to amend should generally be 'freely given,' there is no rule that every request to amend must be granted." (citations omitted)). "One appropriate basis for denying leave to amend is that the proposed amendment is futile. An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citations omitted).

Here, the Court agrees that the proposed "Revised Second Amended Complaint" does not cure the underlying deficiencies discussed both in the R&R and above, such that amendment would be futile. Although Plaintiff contends that the R&R fails to grapple with new allegations raised in her proposed pleading, *see* Pl.'s Objs. at 11-12, Plaintiff acknowledges that her new allegations merely speak to the relevant time period. *See id.* *Compare* SAC ¶¶ 1-6, 18-25, 39-42*, with* Pl.'s Mot. to Amend ¶¶ 1-6, 18-25, 39-42. They do not actually identify how or why the reporting was purportedly inaccurate. For the reasons discussed above, as well, Plaintiff's contention that the R&R improperly "rests upon its preceding conclusion that Plaintiff failed to plausibly allege an actionable inaccuracy" is unavailing, Pl.'s Objs. at 13, as the R&R properly assessed inaccuracy

and stopped its analysis at that threshold factor. To the extent that Plaintiff contends the R&R did not apply the correct Rule 12(b)(6) standard and afford her a liberal construction as a *pro se* litigant, *see* Pl.'s Objs. at 14-15, that contention is belied by the R&R itself, which does, in fact, cite and apply the appropriate standards, *see* R&R at 3-5.

Accordingly, Plaintiff's Motion to Amend is denied.

### C. Remainder of R&R Adopted in Full

Neither party has objected to the R&R's recommendation that the Court take no action regarding Plaintiff's claim for a violation of New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2, which she asserts for the first time in her opposition to Trans Union's Motion to Dismiss. R&R at 9. Therefore, the Court reviews this recommendation for clear error. FED. R. CIV. P. 72(b) advisory committee's note to the 1983 amendment; *accord Nambiar*, 158 F.4th at 358-59. Finding no clear error as to the R&R's recommendation that the Court take no action regarding Plaintiff's claim for a violation of the New Jersey Consumer Fraud Act, the Court adopts it in full.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are overruled, and the Court adopts the R&R in full. Trans Union's Motion to Dismiss is granted, and Plaintiff's Motion to Amend is denied.

Accordingly, Plaintiff's claims against Trans Union are dismissed. The Clerk of Court is directed to terminated Trans Union as a party to this action.

SO ORDERED.

*/s/*
ORELIA E. MERCHANT
United States District Judge

August 20, 2026
Brooklyn, New York